IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

AFUNDAY CHARTERS, INC.,

Plaintiff,

v.

SPENCER YACHTS INC. ET AL.,

Defendants.

CIVIL NO. 16-3141 (GAG)

## OPINION AND ORDER

Afunday Charters, Inc. ("Afunday" or "Plaintiff") filed the present action against Spencer Yachts, Inc. ("Spencer Yachts"), and Joseph Daniel Spencer ("Daniel Spencer"), (collectively "Defendants" or "Third-Party Plaintiffs") seeking redress for injuries suffered as a result of the total loss of a Spencer 74' Custom Sport Fish Convertible named "AFUNDAY," during the course of the Vessel's transfer from North Carolina to Trinidad and Tobago. (Docket No. 1). Defendants filed Third-Party Complaints against Sean P. Alonzo ("Alonzo") and Anthony Norman Sabga ("Norman Sabga") (collectively "Third-Party Defendants") in their individual capacities for indemnification or contribution. (Docket Nos. 65; 71). Before the Court is Third-Party Defendants' Motions to Dismiss the Third-Party Complaints under Rule 12(b)(6). (Docket Nos. 161; 162) [1]. For the reasons discussed below, the Court **GRANTS** Third-Party Defendants' Motions to Dismiss. (Docket Nos. 161; 162).

---

[1] Trinidad and Tobago Insurance Limited ("TATIL") was also included as a Third-Party Defendant. They are not part of the Motions to Dismiss.

Civil No. 16-3141 (GAG)

## I. Background

Plaintiff filed the present suit on December 13, 2016, to recover for substantial damages allegedly caused by Spencer Yachts' and Daniel Spencer's negligence. (Docket No. 24 at 5). Defendants, in response, filed a Motion to Dismiss Afunday Charter's Complaint based on lack of personal jurisdiction and *forum non conveniens*. (Docket No. 19). The Court denied Defendant's Motion to Dismiss. (Docket No. 40).

Defendants later filed a Third-Party Complaint against Third-Party Defendants Norman Sabga and Alonzo in their individual capacities for indemnification or contribution. (Docket Nos. 65; 71). Third-Party Defendants argue that the Third-Party Complaint should be dismissed as said claims will be considered by the Court in the affirmative defenses to the original Complaint. (Docket No. 161 at 4)[2]. The Third-Party Defendants allege that the percentage of fault attributed to them under the affirmative defenses will reduce Plaintiff's recovery proportionately, offsetting any recovery Third-Party Plaintiffs would receive by contribution or indemnity with regards to Third-Party Defendants. (Id at 4).

In their Responses (Docket Nos. 163; 164), Third-Party Plaintiffs note a distinction between their affirmative defenses and their Third-Party Complaint; The former raises the issue of comparative negligence as to whether Third-Party Defendants were acting on behalf of Plaintiff, while the latter argues that they may have been acting in their individual capacities. (Docket No. 163 at 4). Third-Party Plaintiffs claim that if Third-Party Defendants are found to have acted in their individual capacities, then any amount that Defendants, Spencer Yachts and Daniel Spencer, would be liable to pay to Plaintiff, Afunday Charters, Inc., which is found to be attributable to

---

[2] For clarity and simplicity, the Third Party Complaints, the subsequent Motions to Dismiss, and their Oppositions will be analyzed concurrently since they allege the same arguments.

**Civil No. 16-3141 (GAG)**

Third-Party Defendant's negligence, would not reduce the awarded payment. (Docket No. 163 at 4). Thus, Third-Party Plaintiffs argue they are entitled to plead their admiralty or maritime claims against Third-Party Defendants as a matter of right pursuant to FED. R. CIV. P. 14(C). Id.

Finally, Third-Party Defendants replied. (Docket No. 170). Defendant Afunday and Third-Party Defendants stipulate that Third-Party Defendants were acting on behalf of the former. Furthermore, they postulate that any negligence attributed to Third-Party Defendants would proportionally reduce Defendant Afunday's recovery from Defendant. Id. Thus, they claim Third-Party Plaintiffs' complaint should be dismissed.

## II. Standard of Review

In considering a motion to dismiss, the court accepts the complaint's alleged facts as true and draws all reasonable inferences in favor of the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Instead, a court must determine whether the complaint, construed in the proper light, "alleges facts sufficient to make out a cognizable claim." Carroll v. Xerox Corp., 294 F.3d 231, 241 (1st Cir. 2002). The court may also draw from undisputed court documents generated in proceedings referenced in the complaint. See Prisma Zona Exploratoria de P.R. v. Calderón, 310 F.3d 1, 2 (1st Cir. 2002).

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court analyzes the complaint in a two-step process under the current context-based "plausibility" standard established by the Supreme Court. See Fed. R. Civ. P. 12(b)(6) (see also Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012)) (citing Ocasio–

**Civil No. 16-3141 (GAG)**

Hernández v. Fortuño–Burset, 640 F.3d 1, 12 (1st Cir. 2011) which discusses Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). First, the Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Id. A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678–79. Second, the Court must then "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Schatz, 669 F.3d at 55. Plausible, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels the Court to draw on its judicial experience and common sense. Id. (citing Iqbal, 556 U.S. at 678–79). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Twombly, 550 U.S. at 556.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). If, however, the "factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Ocasio–Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678).

### III. Legal Analysis

Rule 14 of the Federal Rules of Civil Procedure states that "at any time after commencement of the action a defending party, as a third-party plaintiff, may cause a ... complaint to be served upon a person not a party to the action who is or may be liable to the third-party

plaintiff." FED. R. CIV. P. 14(A). The third-party plaintiff must establish a direct line of liability between them and the third-party defendant independent of that between the original plaintiff and defendant. Lopez de Robinson v. United States, 162 F.R.D. 256, 258 (D.P.R. 1995). Furthermore, the third-party plaintiff must also avow a claim that is derivative of one of the claims established in the original complaint. United States v. Gov't Dev. Bank, 132 F.R.D. 129, 131 (D.P.R. 1990); see also Metro. Life Ins. Co. v. Ditmore, 729 F.2d 1, 9 (1st Cir. 1984) ("Third party claims [are] by definition logically dependent on the resolution of the original suit"). "Thus, in determining whether a [t]hird-[p]arty [c]omplaint was properly brought under Rule 14, a court looks to whether the pleadings provide a basis for a third-party defendant's liability to the defendant/third-party plaintiff." Arroyo Lopez v. Hosp. Dr. Dominguez, Inc., 262 F.R.D. 93, 95 (D.P.R. 2009); see also Lehman v. Revolution Portfolio LLC, 166 F.3d 393 (1st Cir. 1999). Moreover, in admiralty or maritime claims, a third-party plaintiff may "bring in a third-party defendant who may be wholly or partly liable—either to the plaintiff or to the third-party plaintiff— for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences." FED.R.CIV.P. 14(C).

Under Rule 14(a), the third-party complaint "must contend that if [a] third-party plaintiff were found liable to plaintiff, then [they have] a right under substantive law to transfer [their] liability derived from the original complaint to third-party defendant." Lopez de Robinson, 162 F.R.D. at 258. "A contractual right of indemnification, or a right [to] contribution between joint tortfeasors are... rights under substantive law, which allow a third-party plaintiff to pass along all or a portion of his liability to third-party defendant." Id. Any party may move to strike a third-party claim. FED.R.CIV.P. 14(A)(4).

**Civil No. 16-3141 (GAG)**

In Puerto Rico, solidarity exists "when several people take part or cooperate in causing a wrong." Rodriguez v. Suzuki Motor Corp., 570 F.3d 402, 410 (1st Cir. 2009) (quoting Arroyo v. Hosp. La Concepcion, 130 D.P.R. 596, 604 (1992). "As a general rule, an individual is only liable for his own acts or omissions and only by exception is an individual liable for the acts or omissions of others." Jimenez-Ruiz v. Spirit Airlines, Inc., 794 F. Supp. 2d 344 (D.P.R. 2011) (internal citations omitted). A third party can only be liable for the acts or omissions of others "when clearly specified in the law." Id. Puerto Rico law provides for the imposition of vicarious liability to an employer for damages an employee negligently causes while acting within the scope of employment for the employer's benefit. Article 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5142.

There is no authority under Puerto Rico law that permits a contribution claim against a plaintiff's agent when that claim is identical to a defendant's affirmative defense. Third Party-Plaintiffs and Third Party-Defendants both cite analogous cases from the United States District Court for the Southern District of New York. (Docket Nos. 161; 163).

> In Axel Johnson, Inc. v. Arthur Andersen & Co., 830 F.Supp. 204, 209 (S.D.N.Y.1993), the court permitted a third-party contribution claim against a wholly-owned subsidiary of the plaintiff company. The court reasoned that because the contribution claim was distinct from any defense based on plaintiff's own culpability, plaintiff's claim and the third-party contribution claim could proceed. By contrast, the contribution claim here is based on the precise conduct that supports an affirmative defense of comparative negligence.

Gabriel Capital, LP. v. Natwest Finance, Inc., 137 F.Supp.2d 251, 266 (S.D.N.Y. 2000). Thus, Third-Party Plaintiffs' argument as to why the Cross-Complaint should not be dismissed is wholly based on their claim that it is distinct to their affirmative defense of comparative negligence and the right to contribution or indemnity.

**Civil No. 16-3141 (GAG)**

In their affirmative defenses to the Complaint, Defendants/Third-Party Plaintiffs alleged the right to contribution or indemnity with regards to the roles of the Third-Party Defendants as agents/employees of Plaintiff during the course of the tort. (Docket No. 53). In the Third-Party Complaints, they allege that the Third-Party Defendants, in their individual capacities, may be liable for said tort, and thus, must be interpleaded to respond for contribution or indemnity. (Docket Nos. 65; 71). Plaintiff Afunday and Third-Party Defendants have stipulated that the latter were acting for the benefit of Afunday. (Docket No. 170 at 6-7). Furthermore, they stipulate that any negligence attributed to Third-Party Defendants would reduce Afunday's recovery proportionaly. (Id. at 2-3). "Neither Afunday, Sabga nor Alonzo dispute that Sabga and Alonzo were agents of Afunday, that their actions were undertaken for the benefit of Afunday, or that any duty they owed was to Afunday". (Id. at 5).

Third-Party Plaintiffs do not allege any actions by Third-Party Defendants that would lead the Court to believe that they were acting in their own self-interest. Furthermore, Third-Party Plaintiffs do not present any valid arguments as to why the Third-Party Complaint alleged a different issue than the one considered by the Court in the affirmative defenses to the Complaint.[3] Finally, Third-Party Plaintiffs propose they have asserted an admiralty and maritime claim under Fed. R. Civ. P. 9(h), and as such, Spencer Yachts is entitled to plead its admiralty or maritime claims against Third-Party Defendants as a matter of right pursuant to Fed. R. Civ. P. 14(c). However, Third-Party Plaintiff's argument is redundant as the Third-Party Claim pursuant to Fed. R. Civ. P. 14(c) against Third-Party Defendants is already being considered by the Court in the

---

[3] Third-Party Plaintiffs only argument seems to be that Norman Sabga, in his individual capacity, entered into a contract price purchase agreement with Spencer Yachts. (Docket No. 163). Third-Party Plaintiffs cite the Declaration of Anthony Norman Sabga (Docket No. 24-2). Third-Party Plaintiffs seem to try to mislead the Court, since this agreement was separate from the agreement that is the cause of the present litigation. (Docket No. 24).

**Civil No. 16-3141 (GAG)**

affirmative defenses. Third-Party Plaintiffs will not lose any right pursuant to FED. R. CIV. P. 14(C) with dismissal of the Third-Party Complaint against Third-Party Defendants.

## IV.    Conclusion

For the reasons stated above, the Court **GRANTS** Third-Party Defendants Alonzo and Norman Sabga's Motions to Dismiss for failure to state a claim. (Docket No. 161, 162).

**SO ORDERED.**

In San Juan, Puerto Rico this 18th day of December, 2018.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge